PEOPLE *ex rel.* THOMPSON *v.* RANSOM, Surrogate.

(*Supreme Court, General Term, First Department.* February 13, 1891.)

SURROGATE'S MESSENGER—DISMISSAL—CONFIDENTIAL RELATIONS.

Laws N. Y. 1888, c. 119, declares that no person holding a position by appointment in any city or county of the state, receiving a salary from such city or county, shall be removed from such position except for cause shown after a hearing had, "but this provision shall not be construed to apply to the position of private secretary, * * * or any other person holding a confidential relation to the appointing officer." *Held,* that whether the duties of a subordinate are confidential is a question for the determination of the appointing officer, and that, therefore, the action of a surrogate in dismissing his confidential court messenger was not subject to review by the court.

*Certiorari* by John A. Thompson to review the action of the surrogate of New York county in removing relator from his position as attendant in the surrogate's court.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*John E. Brodsky,* for relator. *John J. Townsend,* for respondent.

DANIELS, J. The relator was appointed a court attendant in the surrogate's court of the county of New York. He was dismissed from that position by the

surrogate, without a hearing, on or about the 18th of March, 1889. The power to make this dismissal, without a previous hearing, has been denied, under chapter 119, Laws 1888. This act has provided that "no person holding a position by appointment in any city or county of this state, receiving a salary from such city or county, (unless he has been appointed for a definite term,) who is an honorably discharged soldier, sailor, or marine, having served as such in the Union army or navy during the war of the Rebellion, shall be removed from such position except for cause shown after a hearing had; but this provision shall not be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer." But the surrogate, in his answer to the writ, has returned that at the time of such removal, and for several months prior thereto, the relator had been, at his own request, assigned to duty by the respondent as a messenger to carry the verbal and written messages and instructions of the respondent necessary in the discharge of the respondent's duties as surrogate, and that many of said messages were of a confidential character, and in the discharge of his duty in respect thereto the relator held a confidential relation to the respondent; and that subjected the relator to this power of dismissal without a previous hearing. The surrogate has returned, in positive language, that the relator held a confidential relation to him, arising out of the duties assumed at his own request. This seems, under the act, to have been a matter to be decided by the surrogate, and he has decided, upon facts presenting that point, that the relator's official relation to himself was confidential in its character. He had evidence before him upon which he was legally entitled to act, and that action cannot be reversed under this writ simply because it was adverse to the relator. The law has been so framed that the officer vested with the authority prescribed, and at the same time limited by it, must necessarily determine whether the relations of the subordinate with him are confidential. The relator's duties furnished some evidence that they were, and upon that evidence the surrogate was empowered to act as he did. What reason induced this action has not been stated in the proceedings, neither was it necessary that it should be, as long as the power to dismiss arose out of the circumstance that the relations of the relator to the surrogate were, as he has returned, confidential. The case is an unfortunate one for the relator, but this court is not vested with any power to reinstate him. The writ, therefore, should be dismissed.

All concur.